**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: NINE WEST LBO SECURITIES LITIGATION** MDL No. 2941

## TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs in all actions[1] move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the District of Massachusetts. The motion encompasses thirteen actions pending in six districts, as listed on Schedule A. The Panel also has been notified of two potentially-related actions filed in the Central District of California.[2] More than 175 defendants responded, all in favor of centralization in the Southern District of New York.

On the basis of the papers filed and hearing session held,[3] we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All responding parties agree that these actions share factual questions arising from the 2014 leveraged buyout (LBO) of The Jones Group, Inc. (Jones Group), and the 2018 bankruptcy of its remaining entity, Nine West Holdings, Inc. (Nine West). Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs and defendants accuse each other of forum shopping. Defendants argue that plaintiffs have not sued entities and individuals in New York to avoid unfavorable Second Circuit precedent regarding the "safe harbor" in Bankruptcy Code Section 546(e). Plaintiffs, at oral

---

[*] Judge Nathaniel M. Gorton and David C. Norton took no part in the decision of this matter.

[1] Marc S. Kirschner, as Trustee for the NWHI Litigation Trust, and Wilmington Savings Fund Society, FSB, as successor indenture trustee for the 6.875% Senior Notes due 2019, the 8.25% Senior Notes due 2019, and the 6.125% Senior Notes due 2034 of Nine West Holdings, Inc.

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of May 28, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2941 (J.P.M.L. May 12, 2020), ECF No. 192.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY Shanté Jones
Deputy Clerk

argument, readily agreed that this was the case. Plaintiffs argue that defendants seek transfer to the Southern District of New York, not because it is the most convenient transferee district, but because it is located in the one circuit where substantive law is favorable to defendants. As an initial matter, the Panel does not consider "[t]he prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contention . . . in exercising its discretion under Section 1407." *See In re Libor-Based Fin. Instruments Antitrust Litig.*, MDL No. 2262, ECF No. 226, Transfer Order, at 2 (J.P.M.L. Jun. 6, 2013) (quoting *In re Glenn W. Turner Enterprises Litig.*, 368 F. Supp. 805, 806 (J.P.M.L. 1973)). Rather, we consider which district will best serve "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).

This litigation's center of gravity is in the Southern District of New York, and we are persuaded that it is the most appropriate transferee district for pretrial proceedings. Both Jones Group and Nine West were headquartered there, as are many other entities, advisors, and lenders involved in the 2014 LBO. Nine West filed for bankruptcy in the Southern District of New York, which involved discovery taken in New York. Furthermore, there has been no significant activity in any action such that transfer to another district would disrupt its efficient progress. We find that centralization in this district will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of these actions. That a related action is not pending in the Southern District of New York is not a bar to centralization there. *See In re Bard IVC Filters Prods. Liab. Litig.*, 122 F. Supp. 3d 1375, 1376-77 (J.P.M.L. 2015) (centralizing fifteen actions in the District of Arizona though no constituent action was pending in that district). Judge Jed S. Rakoff is an experienced transferee judge, and we are confident he will steer this litigation on a prudent and expeditious course to resolution.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to Southern District of New York, and, with the consent of that court, assigned to the Honorable Jed S. Rakoff for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell

Karen K. Caldwell
Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Matthew F. Kennelly |

**IN RE: NINE WEST LBO SECURITIES LITIGATION** MDL No. 2941

**SCHEDULE A**

Central District of California

KIRSCHNER v. DICKSON, ET AL., C.A. No. 2:20-01480
WILMINGTON SAVINGS FUND SOCIETY, FSB v. DICKSON, ET AL., C.A. No. 2:20-01484
KIRSCHNER, ET AL. v. LOS ANGELES CAPITAL MANAGEMENT AND EQUITY RESEARCH, INC., ET AL., C.A. No. 2:20-01922

Southern District of Florida

KIRSCHNER v. CADE, ET AL., C.A. No. 0:20-60343
WILMINGTON SAVINGS FUND SOCIETY, FSB v. CADE, ET AL., C.A. No. 0:20-60344

Northern District of Illinois

KIRSCHNER v. GEORGIADIS, ET AL., C.A. No. 1:20-01129
WILMINGTON SAVINGS FUND SOCIETY, FSB v. GEORGIADIS, ET AL., C.A. No. 1:20-01136

District of Massachusetts

WILMINGTON SAVINGS FUND SOCIETY, FSB v. CARD, ET AL., C.A. No. 1:20-10286
KIRSCHNER v. CARD, ET AL., C.A. No. 1:20-10288
KIRSCHNER v. CARD, ET AL., C.A. No. 1:20-10396
WILMINGTON SAVINGS FUND SOCIETY, FSB, AS SUCCESSOR INDENTURE TRUSTEE FOR THE 6.875% SENIOR NOTES DUE 2019, THE 8.25% SENIOR NOTES DUE 2019, AND THE 6.125% SENIOR NOTES DUE 2034 OF NINE v. CARD, ET AL., C.A. No. 1:20-10398

District of New Jersey

KIRSCHNER, ET AL. v. MCCLAIN, ET AL., C.A. No. 2:20-01768

Northern District of Texas

KIRSCHNER, ET AL. v. DFA INVESTMENT DIMENSIONS GROUP, INC. US CORE EQUITY 1 PORTFOLIO, ET AL., C.A. No. 3:20-00374